IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIEN M. SCHLAGER, | : Civil No. 3:14-cv-1964 |
| Petitioner | : |
| | : (Judge Mariani) |
| v. | : |
| BRIAN V. COLEMAN, *et al.*, | : |
| Respondents | : |

## MEMORANDUM

Petitioner Damien Schlager ("Schlager"), was found guilty of first degree murder and murder of an unborn child on December 15, 2005, in the Court of Common Pleas of York County, Pennsylvania. (Doc. 9, Doc. 16). On February 22, 2006, he was sentenced to serve two consecutive life sentences. (*Id.*). On September 30, 2014, Schlager filed this action pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. (Doc. 1). Presently before the Court is Respondent's motion to dismiss the habeas petition as untimely. (Doc. 15). Schlager opposes the motion on the ground that he is entitled to equitable tolling of the statute of limitations due to abandonment by his state counsel. (Doc. 16). For the reasons set forth below, the Court finds that there are factual issues relating to whether Schlager is entitled to equitable tolling of the statute of limitations. Accordingly, the motion to dismiss will be denied, and the parties will be directed to further develop the factual record.

I. **Background**

On December 15, 2005, following a jury trial in the York County Court of Common Pleas, Schlager was found guilty of first degree murder and murder of an unborn child. *Commonwealth v. Schlager*, CP-67-CR-0004884-2004 (York County filed October 9, 2004). On February 22, 2006, Schlager was sentenced to consecutive life sentences on each criminal count. *Id.* He filed post-sentence motions, which were denied. *Id.*

On September 1, 2006, Schlager filed a timely notice of appeal to the Pennsylvania Superior Court. *Commonwealth v. Schlager*, 953 A.2d 606 (Pa. Super. March 4, 2008) (Table). On March 4, 2008, the judgment of sentence was affirmed in part, and vacated in part on the basis that the trial court imposed a monetary fine of $100,000 without having held a hearing to determine Schlager's ability to pay. *Id.* Schlager appealed to the Pennsylvania Supreme Court and the Supreme Court denied his appeal on October 17, 2008. *Commonwealth v. Schlager*, 589 Pa. 788, 959 A.2d 929 (Pa. Oct. 17, 2008) (Table). Schlager then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on April 20, 2009. *Schlager v. Pennsylvania*, 556 U.S. 1194, 129 S.Ct. 2017 (2009).

On November 10, 2009, Schlager filed a *pro se* petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, and counsel was subsequently appointed to represent Schlager. *Schlager*,

CP-67-CR-0004884-2004. The PCRA petition was denied on June 25, 2012. *Id.*; (Doc. 1, p. 21). Schlager had until approximately July 25, 2012 to file a timely appeal of the denial of his PCRA petition. He failed to file a timely appeal, but was granted allowance of appeal *nunc pro tunc*. On September 5, 2012, Schlager filed a notice of appeal to the Pennsylvania Superior Court. *Id.*; *Commonwealth v. Schlager*, 1597 MDA 2012. (Pa. Super. September 5, 2012). On October 22, 2013, the Pennsylvania Superior Court affirmed the PCRA court's denial of his petition. *Id.* Schlager had until approximately November 21, 2013 to file a timely appeal to the Pennsylvania Supreme Court. Schlager's attorney failed to timely file a petition for allowance of appeal to the Pennsylvania Supreme Court and the docket was closed. (Doc. 1, pp. 85-88); *Commonwealth v. Schlager*, 619 MT 2013 (Pa. November 25, 2013). On September 17, 2014, Schlager filed a *pro se* petition for leave to file a petition for allowance of appeal *nunc pro tunc*. *Id.*; *Commonwealth v. Schlager*, 141 MM 2014 (Pa. September 18, 2014); Doc. 1, pp. 80-93. On November 3, 2014, subsequent to the filing of the instant habeas petition, the Pennsylvania Supreme Court denied the petition for leave to file an appeal *nunc pro tunc*. *Schlager*, 141 MM 2014.

The instant petition was filed on September 30, 2014. (Doc. 1). An amended petition was filed on December 1, 2014. (Doc. 9).

II. <u>Discussion</u>

The court shall "entertain an application for a writ of habeas corpus in behalf of a

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Schlager was sentenced on February 22, 2006. Under the plain terms of 28 U.S.C.

§ 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara, 264 F.3d at 314. Schlager's time for pursuing a direct appeal expired on April 20, 2009, at which time his judgment became final. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on September 30, 2014, is patently untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on April 20, 2009, and expired on April 20, 2010. Schlager filed a timely PCRA petition on November 10, 2009. Thus, 204 days lapsed before statutory tolling occurred. The PCRA petition was eventually denied and the denial was affirmed by the Pennsylvania Superior Court on October 22, 2013. Schlager therefore had until November 21, 2013 to file an appeal to the Pennsylvania Supreme Court. Schlager failed to do so. Thus, his time to file a federal habeas petition began to run again on November 22, 2013. Consequently, as of November 22, 2013, there were 161 days left of the AEDPA's 365-day limitation period, and Schlager was required to file his habeas

corpus petition on or before May 2, 2014. The instant petition was filed on September 30, 2014, approximately 151 days after the limitations period expired. Therefore, the habeas petition is untimely. However, Schalger may be entitled to equitable tolling of the AEDPA statute of limitations.

### B.  Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*,

6

219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, see *Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Applying this exacting standard, courts have held that: "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling. See *Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000) (finding no basis for equitable tolling where the statute of limitations was changed to shorten the time for filing a PCRA only four months prior to the filing of the petition); *Taliani v. Chrans*, 189 F.3d 597 (9th Cir.1 999) (finding lawyer's inadequate research, which led to miscalculating the deadline, did not warrant equitable tolling)." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

The Third Circuit Court of Appeals has held that complete abandonment of a petitioner by his state trial counsel can constitute one of the extraordinary circumstances justifying equitable tolling. *Ragan v. Horn*, 411 F. App'x 491 (3d Cir. 2011).

Schlager argues that he is entitled to equitable tolling of the statute of limitations based on the ineffective assistance of two court-appointed attorneys. (Doc. 16). Specifically, he claims that two separate state attorneys abandoned him at critical points in the case, and failed to inform him of denied appeals or their failure to file appeals. Schlager further asserts that he exercised due diligence under the circumstances in pursuing his claims. Respondent has not addressed Schlager's equitable tolling claim based upon the alleged abandonment by state counsel.

Schlager's petition presents a potentially meritorious, but factually undeveloped, claim for equitable tolling of the AEDPA's one-year statute of limitations based upon the alleged abandonment of Schalger by two court-appointed attorneys. The Court finds that additional evidence to determine whether Schalger "has been pursuing his rights diligently, and [whether] some extraordinary circumstance stood in his way," *Pace*, 544 U.S. at 418, is necessary to a fair adjudication of this case. The parties will be directed to submit any relevant documents in support of their respective positions on this issue. After review of these documents, the Court will determine whether an evidentiary hearing on the equitable tolling issue is necessary.

### III. <u>Conclusion</u>

For the reasons set forth above, the motion (Doc. 15) to dismiss the habeas petition as untimely will be denied. The parties will be directed to submit any documentary evidence

in support of their respective positions on the equitable tolling-abandonment issue. An appropriate Order will issue.

Dated: March 2, 2016

Robert D. Mariani
United States District Judge