IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMIEN M. SCHLAGER, | : | Civil No. 3:14-cv-1964 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| BRIAN V. COLEMAN, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

### I. Background

Petitioner Damien Schlager ("Schlager"), an inmate currently confined at the State Correctional Institution at Fayette, in LaBelle, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Presently pending before the Court is Schlager's motion for discovery. (Doc. 42). For the reasons set forth below, the Court will deny the motion.

### II. Discussion

A habeas petitioner is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, under Rule 6(a) of the Rules Governing Section 2254 Cases, "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of such discovery." 28 U.S.C. foll. § 2254, Rule 6(a). *See also Levi v. Holt*, 192 F. App'x 158, 162 (3d Cir. 2006)

(not precedential). Additionally, under Rule 6(b), "[a] party requesting discovery must provide reasons for the request." 28 U.S.C. foll. § 2254, Rule 6(b).

Under the "good cause" standard of the Rules Governing Section 2254 Cases, a district court should grant leave to conduct discovery in habeas proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). Habeas petitioners are not entitled to "go on a fishing expedition through the government's files in hopes of finding some damaging evidence." *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir.), *cert. denied* 512 U.S. 1230 (1994) (citation omitted).

In his motion for discovery, Schlager requests the following items:

a. Any medical records, physical and mental, in the possession of the Respondents concerning Christina J. Colon and Melissa Bohin;

b. Any documentation such as notes or reports authored by Barry L. Bloss, the York County Coroner at the time of this incident, pertaining to this case;

c. Petitioner's 2000 Ford Explorer, PA. Registration #FCA-1417; VIN #1FMZU73E4YZB46139, for examination and testing;

d. Any statements obtained in this matter from Luis Rodriguez; Heather Grey; Patrick Turner; Jake Like; Nathan Bird or any other individual who was not called as a witness at TRIAL;

e. The criminal history and any deals or leniency received due to cooperation with law enforcement of Larry B. Harcum; April Gray; Luis Rodriguez; or Melissa Bohin; or anyone else connected to this instant matter;

    f.      The production of any audio and video from the I-Recorder System in the Lancaster City Police Station from Damien M. Schlager and Larry B. Harcum;

    g.      Copy of written note by Christina Colon, found in her apartment on Best Inn Suites stationary;

    h.      Identity and statements of "John" referred to in two (2) different locations within Colon's apartment with the numbers 1-917-865-1225 and 203-798-8183 recovered by Detective Muma of the Lancaster Police;

    i.      Crime scene re-construction documentation, reports, statements, video or pictures or any other prop. GPS coordinates to such and any reports or analysis on trajectory of projectiles;

    j.      Any documents, reports, statements or proof of efforts or proof of recovery of any money found at the scene of the crime as designated by the Commonwealth; and,

    k.      Any reports or documentation of GSR or any other forensic or ballistic or DNA testing done to Petitioner or anything he touched. This steams from the Offender check list and I-Recorder.

(Doc. 42, pp. 1-2).

Aside from listing these items, Schlager fails to explain how each item would entitle him to habeas relief on any of his claims. Schlager has not demonstrated good cause for the discovery requests and has not provided reasons for each discovery request, as required by Rule 6(a) and (b).[1] *See Deputy*, 19 F.3d at 1493 (discovery is available in habeas proceedings not as a matter of course, but only if the habeas petitioner shows "good

---

[1] Schlager has failed to file a brief in support of his motion for discovery, as required by the Local Rules of Court. See LOCAL RULE OF COURT 7.5.

cause"). Furthermore, to the extent that Schlager's motion rehashes arguments presented in his habeas petition, the Court will address these claims when the petition is decided on the merits. As such, the Court will deny Schlager's motion for discovery.

    A separate Order shall issue.

                                                  */s/ Robert D. Mariani*
                                                  Robert D. Mariani
                                                  United States District Judge

Dated: July 14, 2020